*James, Moore, for appellant.*

*Vaulwinkle, Fox, for appellees.*

---

## JAMES DYKES *v.* F. BLAKEMORE.

Landlord and Tenant—Discharge of Liability by Payment by Tenant to Husband—Death of Husband. Husband and Wife—Power of Husband Over Wifes' Estate—Rent Collected by Husband.

Though under the revised Statutes, the husband cannot sell his wifes' land, nor can they be sold for his debts; he has only the use of them; when they are leased by the husband for a period not greater than three years and he receives the rent therefor, such a payment woud discharge the tenant from all liability to pay it again to the wife, or any one else, in case of death of the husband.

Same—Assignee of Rent Note.

As to the residue of rent, evidenced by a note to the husband, the wife is entitled to the same. Even though the note be not assigned by the husband and should, at his death, pass to his personal representative, he could not have collected it because, upon the death of the husband, the wife became entitled to the uncollected rent and the assignee of the note took it subject to that contingncy.

APPEAL FROM CLARKE CIRCUIT COURT.

June 24, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

It is certainly true that the estate which a husband acquires in the lands of his wife by the marriage since the adoption of the Revised Statutes, is essentially different from that acquired by the husband previous to their adoption. Instead of an estate in her lands during their joint lives, which he could sell or dispose of and which could be sold for his debts, he can not now sell them, nor can they be sold for his debts, he only has the use of them, and can lease them for not more than three years at a time; that he can do, and receive the rent. *Sect. 1, Art. 2, Chap. 47, 2 Vol. pp* 8.

By this enactment the power of the husband over the estate of his wife was greatly restricted. But when he leases his wife's land, for not more than three years at a time, he is in express language authorized by the statute to receive the rent. What would be the effect of the death of the husband before the end of the term as to the rights of the tenant for three years, and whether it would terminate the lease, we need not express any opinion, as that question is not involved in this case. But as the husband has the right, by the statute, to receive the rent when the lease is not for a greater term than three years, a payment of it to him by the tenant would discharge the tenant from all liability to pay it again to the wife, or any one else, in case of the death of the husband. As therefore appellant had paid to the husband of Mrs. Blakemore fifty dollars on the rent of the land, he was entitled to a credit for that sum.

As to the residue of the rent for which appellant executed his note, Mrs. Blakemore was entitled to the same. If it had not been assigned by Blakemore; and had passed to his personal representative, he could not have collected it; because upon the death of her husband, Mrs. Blakemore became entitled to the uncollected rent, and the assignee of the note took it subject to that contingency.

As the instructions to the jury are in conflict with these views, the judgment is reversed and the cause is remanded with instruc-

tions to award a new trial and for further proceedings not incon-sistent with this opinion.

*B. F. Buckner, for appellant.*

*J. Simpson, for appellee.*